NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISRAEL SANCHEZ,

            Petitioner-Appellant,

  v.

CHRISTIAN PFEIFFER, Warden,

            Respondent-Appellee.

No.   17-55066

D.C. No.
2:15-cv-01191-JVS-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted August 8, 2018[**]
Pasadena, California

Before:  CLIFTON and CALLAHAN, Circuit Judges, and HOYT,[***] District
Judge.

     Israel Sanchez appeals the district court's dismissal of his petition for writ of

habeas corpus, brought pursuant to 28 U.S.C. §§ 2241(a) and 2254.  Sanchez

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Kenneth M. Hoyt, United States District Judge for the
Southern District of Texas, sitting by designation.

argues that he received ineffective assistance of counsel in connection with plea negotiations. We review de novo a district court's decision on a habeas corpus petition. *Rodriguez v. McDonald*, 872 F.3d 908, 918 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Sanchez was convicted by a jury in Los Angeles County Superior Court for attempted murder without premeditation after shooting a rival gang member. He was sentenced to seven years for attempted murder and 25 years to life for "personally and intentionally discharg[ing] a firearm and proximately caus[ing] great bodily injury," *see* Cal. Penal Code § 12022.53(d).

Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, we must deny habeas relief as to any claim adjudicated on the merits in a state court proceeding unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Sanchez argues his counsel misadvised him about the possible sentence he faced if found guilty of attempted murder without premeditation. He also argues his counsel erroneously advised him that he could obtain a conviction for attempted manslaughter or assault with a deadly weapon and that he had a "solid

defense" to the firearm enhancement. He claims that had he been properly advised, he would have accepted a 39-year determinate plea deal purportedly offered by the State.

A criminal defendant is entitled to reasonable assistance of counsel during a criminal prosecution, including a plea bargaining session. *See Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *Strickland* requires a petitioner to show (1) that trial counsel's performance was so deficient it denied him the counsel guaranteed by the Constitution and (2) that there is a reasonable probability that, but for the deficient performance, the outcome would have been different. *Id.*; *see Bemore v. Chappell*, 788 F.3d 1151, 1161 (9th Cir. 2015). To meet the prejudice prong for the type of ineffective assistance of counsel claimed by Sanchez, a petitioner

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the . . . sentence . . . under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler*, 566 U.S. at 164.

Sanchez has not shown that the state courts were unreasonable in rejecting his claim. First, a reasonable jurist could conclude Sanchez failed to demonstrate

that the State ever made a 39-year determinate plea offer.[1]  Despite Sanchez's

claim that his trial counsel (Pensanti) initially admitted in a telephone conversation

with Sanchez's appellate counsel that the prosecutor made an offer of 39 years,

Pensanti ultimately stated that Sanchez "was never offered any deal."  Sanchez

also cites opaque references to settlement discussions in the transcripts of pretrial

hearings.  But in each instance, the record either is silent about the nature of any

offers or refers specifically to Sanchez's own plea offers.  A reasonable jurist could

conclude that no offer was made based on Pensanti's (and the State's) clear denial

that an offer was ever made and the absence in the trial record of any reference to

an offer by the State.

Second, Sanchez fails to meet the prejudice prong.  Sanchez says he rejected

the purported plea offer because the offered sentence was "too long to accept."  He

argues that if he had been adequately advised on the conviction and sentencing

possibilities, he would not have rejected the plea offer.  It is undisputed that

Sanchez knew his potential exposure was a life sentence.  His self-serving

statement that his trial counsel advised him otherwise does not create a

constitutional infirmity.  *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002)

("Turner's self-serving statement, made years later, that [his counsel] told him that

---

[1]      If the State made a plea offer of 39 years *to life*, Sanchez's claim would fail because the offer's terms would have been more severe than his actual sentence of 32 years to life.  *See Lafler*, 566 U.S. at 164.

4

'this was not a death penalty case' is insufficient to establish that Turner was unaware of the potential of a death verdict.").

Third, there is a reasonable basis for concluding that the trial court would not have accepted the terms of the purported plea agreement. Under California Penal Code § 1192.7(a)(2), "Plea bargaining in any case in which the indictment or information charges any serious felony [or] any felony in which it is alleged that a firearm was personally used by the defendant . . . is prohibited." Although the statute permits a plea bargain when the evidence is insufficient, a material witness is missing, or the plea bargain will not result in a substantial change in the sentence, Sanchez offers no evidence that satisfies any exception. Therefore, he failed to establish *Strickland* prejudice, and the state courts' rejection of his claim was reasonable. *See Missouri v. Frye*, 566 U.S. 134, 148 (2012).

We AFFIRM.[2]

---

[2] We deny Sanchez's motion for judicial notice and decline to expand the Certificate of Appealability.